SYLVESTER HULBERT & another *vs.* JOHN BRANNING & another.

If one charged as trustee in foreign attachment becomes insolvent after demand made upon him on execution and the suing out of *scire facias*, and his assignees in insolvency come in and defend, judgment cannot be rendered against them.

SCIRE FACIAS sued out against Benjamin Dean, upon a judgment recovered against him as trustee of Edward Davis, upon which execution was issued, and a demand made on the trustee for the funds in his hands, after which he commenced proceedings in insolvency, and assignees were appointed, who upon notice appeared in this action, and admitted that the trustee was properly charged for the amount of the judgment; and the parties agreed that such judgment or order might be entered as the laws of the Commonwealth, and especially the insolvent law, might require. The superior court gave judgment against the assignees for the amount of the original judgment, and they appealed to this court.

*J. D. Colt*, for the plaintiffs. The judgment in foreign attachment, followed by a demand on execution and suing out of a *scire facias*, so holds the funds in the hands of the trustee that they do not pass to his assignees upon his subsequent insolvency. Gen. Sts. *c.* 142, §§ 21, 44. The assignees should be required to pay the judgment in *scire facias* against them, out of any assets in their hands. Gen. Sts. *c.* 118, § 16.

*M. Wilcox*, for the assignees.

By THE COURT. The assignees of Dean are not liable to the plaintiffs as trustees of the defendant in the original action, and no judgment can be rendered against them in this action on account of the insolvent's liability as trustee therein.

*Judgment reversed and case remitted.*